UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-334 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| ANTON PAUL DRAGO, | |
| Defendant(s). | |

Presently before the court is the government's motion *in limine* to resolve outstanding defense objections made during the deposition of one of the government's witnesses. (Doc. # 40). Defendant Anton Paul Drago (hereinafter "defendant") filed a response, (doc. # 42), and the government filed a reply, (doc. # 44).

Also before the court is the government's motion *in limine* to admit into evidence certified business records and certified public records. (Doc. # 41). Defendant filed a response, (doc. # 43). To date, the government has not filed a reply.

**I.     Background**

On August 28, 2013, the government filed a criminal indictment charging defendant with (1) conspiracy to commit wire fraud; (2) wire fraud; (3) false claims; (4) theft of public funds; (5) attempting to pass a fictitious obligation; (6) making a false statement to a federal agent; and (7) willfully failing to file a federal income tax return. The case is set for trial on September 28, 2015.

Defendant is charged with devising a scheme to defraud investors of over $1 million by pretending to receive shipments of crude oil from Nigeria. Allegedly, defendant used fraudulent misrepresentations to convince investors to wire money into bank accounts managed by defendant and his co-conspirators.

**James C. Mahan**
**U.S. District Judge**

On October 21, 2013, the government filed an unopposed motion to permit a deposition under Rule 15 of the Federal Rules of Criminal Procedure. The government intends to call R.R., one of defendant's victims, as a trial witness. Defendant allegedly defrauded R.R. of more than $600,000.

However, R.R. suffers from severe illness, and his treatment may preclude him from traveling to Las Vegas for trial. Consequently, the government asked the court to take R.R.'s deposition by video for possible use at trial. On October 22, 2013, the court granted the government's Rule 15 motion and allowed the government to take R.R.'s video deposition.

On December 12, 2013, the government took R.R.'s deposition in Los Angeles. Defense counsel made several objections during R.R.'s deposition testimony. On April 3, 2015, the government filed two motions *in limine*. First, the government moves for the court to resolve the outstanding objections in R.R.'s Rule 15 deposition before admitting it as evidence at trial. Second, the government moves to introduce bank records, certified business records, and other public records as evidence of defendant's fraud. On April 20, 2015, defendant responded to the government's motions *in limine*.

**II.     Legal standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

**James C. Mahan**
**U.S. District Judge**

1   Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler
2   Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th
3   Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test
4   and we will uphold its decision absent clear abuse of discretion.").

5   "[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind
6   during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*,
7   469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence
8   unfolds in an unanticipated manner).

**III.    Discussion**

   *a.  Rule 15 video deposition*

In its first motion *in limine*, the government seeks to resolve the outstanding objections in R.R.'s Rule 15 deposition before admitting it as evidence at trial. (Doc. # 40). The government argues that the court should rule in its favor on thirteen different evidentiary objections.

"A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). "An order authorizing a deposition to be taken under this rule does not determine its admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence." Fed R. Crim. P. 15(f).

Defendant maintains that R.R.'s entire Rule 15 deposition is not admissible because the government fails to prove that R.R. is unavailable to testify at trial. The government responds that it will make a good-faith effort to have R.R. testify at trial. However, the government asks the court to nonetheless rule on its objections so that it may edit R.R.'s video deposition in the event that R.R. becomes too unhealthy to testify.

R.R. travels to Los Angeles, California, for medical treatment, and owns houses in Seattle, Washington, and Cabo San Lucas, Mexico. Although R.R. has chronic health issues and receives ongoing chemotherapy for his condition, he has informed the government that "he will be available to testify if requested to do so." (Doc. # 44 at 2). The government has already planned for R.R. to be present at trial. Because it is unlikely that the parties will use R.R.'s video deposition

James C. Mahan
U.S. District Judge

- 3 -

1  during trial, the government's request for a ruling on objections made during that video deposition
2  is premature. Accordingly, the court will deny the government's first motion *in limine*.

      b. *Business and public records*

In its second motion *in limine*, the government seeks to introduce bank records, certified business records, and other public records as evidence of defendant's fraud. The government argues that the court should admit these records into evidence to "obviate the need to call" the records' custodians as foundation witnesses at trial. (Doc. # 41 at 2).

Rule 803(6) of the Federal Rules of Evidence provides an exception to the hearsay rule. It permits the admission of records which are kept at or near the time indicated by someone with knowledge, and "kept in the course of a regularly conducted business activity" as part of the business's normal practices. Fed. R. Evid. 803(6). A party may satisfy the business records exception with witness testimony or a certification that complies with Rule 902(11).

Defendant objects to the admission of all of the documents the government included in its motion *in limine*. (Doc. # 43 at 3). More specifically, defendant objects to the certification of letters that defendant's wife sent to her bank, as well as a letter from assistant United States attorney Nicholas Dickinson. (Doc. # 43 at 3-4). Defendant alleges that these letters do not comport with the requirements of Rule 803(6) and were written in anticipation of litigation.

Courts are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *see Conboy v. Wynn Las Vegas, LLC*, No. 2:11–CV–1649–JCM–CWH, 2013 WL 1701069, at *1 (D. Nev. April 18, 2013). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Koch*, 2 F. Supp. 2d at 1388.

Defendant does not offer up any grounds for the exclusion of all of the government's certified documents — he simply objects to the admission of the records referenced in the government's motion "in totality." (Doc. # 43 at 3). This broad objection does not prove that all of the government's records are clearly inadmissible on all potential grounds. *See Koch*, 2 F. Supp.

**James C. Mahan**
**U.S. District Judge**

2d at 1388. Moreover, defendant does not specify why the government's letters fail to meet Rule 803(6)'s requirements.

Therefore, the government's records fall under the business records exception to the hearsay rule, and their custodians have certified them in compliance with Rule 902(11). *See* Fed. R. Evid. 803(6); Fed. R. Evid. 902(11). Accordingly, the court will grant the government's second motion *in limine*.

### IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's first motion *in limine*, (doc. # 40), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's second motion *in limine*, (doc. # 41), be, and the same hereby is, GRANTED.

DATED August 11, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -