**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:13-cr-00334-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ANTON PAUL DRAGO, ) | |
| ) | |
| Defendant. ) | |

Presently before the Court is the government's sealed *Ex Parte* Motion Requesting *In Camera* Review of Potential *Henthorn/Giglio* Information (ECF No. 71), filed on October 16, 2015.

**I.    BACKGROUND**

The government states that on October 14, 2015, it was informed that the Treasury Inspector General for the Tax Administration's Office ("TIGTA") received a complaint concerning Special Agent Louis Babino in a matter unrelated to this case. (*Ex Parte* Mot. Requesting *In Camera* Review of Potential *Henthorn/Giglio* Info. (ECF. No. 71) ["Mot."] at 1-2.)  Agent Babino is the evidence custodian of the search warrant evidence seized from Defendant Drago's house in this case. (*Id.* at 2.)  The complaint against Agent Babino was made on July 7, 2015, and TIGTA initiated an investigation on August 10, 2015. (*Id.*, Ex. A at 2.)  According to the government, the investigation is ongoing. (Mot. at 2.)  The government now moves for an *in camera* review of documents related to the investigation, requesting that the Court determine whether the documents must be disclosed to defense counsel.  The documents submitted to the Court for *in camera* review are attached to the government's motion as Exhibit A.  Defendant Drago's trial is set for November 2, 2015.

## II. ANALYSIS

If the government uncovers documents in the personnel records of federal law enforcement officers who will testify at trial that "contain information that is or may be material to the defendant's case," the documents must be produced. *Henthorn v. United States*, 931 F.2d 29, 31 (9th Cir. 1991). Matters affecting the credibility of critical or major witnesses are considered material to the defendant's case. *Giglio v. United States*, 405 U.S. 150 (1972). If the government is uncertain as to the materiality of the documents, the government may submit the documents to the court for *in camera* review. *Henthorn*, 931 F.2d at 31.

Due to the fact the investigation of Agent Babino is ongoing, the Court is unable to evaluate whether the documents submitted for *in camera* review are material to Defendant Drago's case. If TIGTA's investigation reveals the complaint against Agent Babino is baseless, the documents would not be material. If TIGTA's investigation reveals the complaint has merit, the documents would be material. Given the posture of the investigation and the impending trial date, out of an abundance of caution, the Court will order the government to produce to defense counsel the documents submitted for *in camera* review. The Court acknowledges the government has reserved its right to make any appropriate objections regarding the admissibility of the documents at trial. Additionally, given the nature of the documents, the Court will entertain any motions or stipulations for a protective order that counsel deem necessary.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the government's sealed *Ex Parte* Motion Requesting *In Camera* Review of Potential *Henthorn*/*Giglio* Information (ECF No. 71) is GRANTED.

IT IS FURTHER ORDERED that the government must produce to defense counsel the documents submitted for *in camera* review by the close of business on Monday, October 26, 2015.

DATED: October 23, 2015.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**