1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7    UNITED STATES OF AMERICA,                Case No. 2:13-cr-00334-JCM-CWH-1

8                              Plaintiff,
         v.                                   ORDER
9
     ANTON PAUL DRAGO,
10
                             Defendant.
11

12        Presently before the court is defendant Anton Paul Drago's ("defendant" or "Mr. Drago")

13   motion *in limine* to bifurcate trial. (Doc. # 60).[1] The United States of America (the "government")

14   filed a response (doc. # 63), and Mr. Drago filed a reply. (Doc. # 65).

15        Also before the court is defendant's motion *in limine* to preclude the admission of Federal

16   Rule of Evidence ("FRE") 404(b) testimony. (Doc. # 62). The government filed a response (doc.

17   # 64), and Mr. Drago filed a reply. (Doc. # 66).

18        Also before the court is defendant's motion *in limine* to exclude late-noticed rule 404(b)

19   evidence.[2] (Doc. # 67). The government filed a response. (Doc. # 72). Mr. Drago's reply was due

20   on or before October 22, 2015. As of this date, Mr. Drago has not filed a reply.

21   **Background**

22        On August 28, 2013, the government filed a ten-count criminal indictment charging

23   defendant with conspiracy to commit wire fraud (count 1); wire fraud (counts 2 and 3); false claims

24

25

26        [1] The defendant initially filed a different motion at docket number 60 by mistake.
     Defendant thereafter filed a notice of corrected image with the intended motion attached. (*See* Doc.
     ## 61, 61-1).

27
          [2] Defendant characterizes its motion as a motion to exclude because the motion *in limine*
28   deadline had passed. (*See* Doc. # 57). The court finds that the motion is, in fact, a motion *in limine*
     and will construe it as such.

                                              2

(counts 4 through 6); theft of public funds (count 7); attempting to pass a fictitious obligation (count 8); making a false statement to a federal agent (count 9); and willfully failing to file a federal income tax return (count 10). The case is set for trial on November 2, 2015.

Defendant is charged with devising a scheme to defraud investors of over $1 million by pretending to receive shipments of crude oil from Nigeria. Allegedly, defendant used fraudulent misrepresentations to convince investors to wire money into bank accounts managed by defendant and his co-conspirators. Defendant then allegedly unlawfully converted those proceeds for his own use.

Counts 1, 2, 3, 8, 9, and 10 relate to the investment scam described *supra*. Counts 4 through 7, on the other hand, are based on alleged conduct related to defendant's collection of benefits from the United States Department of Veterans Affairs ("VA benefits"). The government argues that defendant made false claims to the Department of Veterans affairs in order to unlawfully collect benefits he did not qualify for (counts 4 through 6). The government argues further that collection of the VA benefits constitutes theft of public funds (count 7).

## I.     Legal standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th

1    Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test

2    and we will uphold its decision absent clear abuse of discretion.").

3         "[*I*]n limine rulings are not binding on the trial judge [who] may always change his mind

4    during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*,

5    469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence

6    unfolds in an unanticipated manner).

7    **II.    Discussion**

8         Defendant's three motions will be addressed in turn.

9    *A.    Motion to bifurcate trial*

10        In defendant's first motion *in limine* (doc. # 60), Mr. Drago argues that joinder of charges

11   4 through 7 with the remaining counts was improper under Federal Rule of Criminal Procedure

12   ("Rule") 8(a) because the counts within each grouping are not of the same or similar character to

13   the counts in the other grouping. Defendant then argues that he is prejudiced by the joinder

14   regardless of Rule 8 propriety. Therefore, Mr. Drago should be entitled to severance under Rule

15   14(a). Defendant does not ask the court to sever the counts, but instead asks that the court bifurcates

16   the trial, pursuant to its discretion to fashion any relief that justice requires under Rule 14(a), such

17   that the jury deliberates on one set of counts before hearing evidence of the other.

18        The government first argues that Mr. Drago's motion *in limine* in actually just a motion to

19   bifurcate disguised as an *in limine* motion in order to avoid the pretrial motion deadline. However,

20   the parties proposed order on its most recent stipulation includes an extension of the deadline for

21   "any and all pretrial motions" to September 27, 2015. (Doc. # 57). Regardless of the parties' intent

22   with respect to that deadline, they drafted and submitted the order, and the court issued it. The

23   motion is timely, and the court will construe it as a motion to bifurcate.

24        The court first finds that joinder was proper under Rule 8(a). Rule 8 is construed broadly

25   in favor of joinder, but not all attempts to join differing charges together are proper. *See United*

26   *States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007). Here, the government argues that joinder is

27   proper under Rule 8 because the charges are of the "same or similar character." FED.R.CRIM.P.

28   8(a).

1    In the 9th Circuit, it is appropriate for district courts to consider the following factors in

2    determining whether offenses are of the same or similar character: "the elements of the statutory

3    offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the

4    physical location of the acts, the modus operandi of the crimes, and the identity of the victims."

5    *Jawara* at 578.

6    The elements of the statutory offense in the two groupings share some common elements:

7    in both the false claims and tax evasion claims, defendant must knowingly make a false statement

8    to a government agency; in both the false claims and wire fraud charges, defendant must knowingly

9    make a false statement in an attempt to obtain money or property. There is a high likelihood of

10   evidentiary overlap because the statements made in the VA benefits applications contradict the

11   statements defendant made to his investors. The government indicates that it plans to use the

12   contradictory statements to prove the intent element of the charges under the theory that Mr. Drago

13   must have known one of the contradictory statements was false. Moreover, the conduct forming

14   the basis for the two count groupings all occurred within a finite period of a few years, largely or

15   entirely within the District of Nevada. The crimes do not share common victims, but the *modus*

16   *operandi* of both crimes—lying for financial gain—is essentially the same. Therefore, the crimes

17   were of similar character, and joinder was proper.

18   Mr. Drago is not prejudiced by the proper joinder of the claims. Under Rule 14, a defendant

19   may move for severance *of* or other relief *from* otherwise properly joined counts with a showing

20   of prejudice. *See, e.g.*, United States v. Werner, 620 F.2d 922, 929 (2d Cir. 1980). The prejudice

21   must be substantial because Rule 8 is specifically designed to allow joinder for the sake of judicial

22   economy even in the face of *some* prejudice. *See id.* The defendant argues that his defense is

23   hobbled by the fact that if both charges are brought together, he cannot both argue that (a) he was

24   running a legitimate business to defend against the wire and mail fraud charges and (b) accurately

25   indicated in his VA application that he was not gainfully employed to defend against the false

26   claim charges.

27   The court agrees with the government, however, that defendant's own conduct put him in

28   that position. If defendant is in fact not guilty of either charge, he should be able to prove at trial

1    that he was neither gainfully employed nor taking part in a scheme to defraud investors. If in fact

2    he is guilty of one crime, but not the other, he can offer exculpatory evidence with respect to the

3    crime he did not commit. If such evidence happens to implicate him in another crime for which he

4    is charged, this is not evidence of prejudice. It is simply evidence of otherwise unlawful conduct.

5    The court finds that the proper joinder of the charges is, therefore, not prejudicial. Accordingly,

6    the court will not tailor any relief under Rule 14, and defendant's motion to bifurcate the trial (doc.

7    # 60) will be denied.

8    B.       *Motion to preclude the admission of FRE 404(b) Testimony*

9            The defendant's second motion argues for the exclusion of five categories of government

10   evidence pursuant to FRE 404(b), which prohibits the admission of evidence of a person's "crime,

11   wrong, or other act . . . to prove a person's character in order to show that on a particular occasion

12   the person acted in accordance with the character." Each category will be addressed in turn.

13           **i.       Evidence of Mr. Drago's military history**

14           First, Mr. Drago argues that the government should be precluded from introducing

15   evidence of his statements to investors regarding his military record. Defendant argues that

16   allegedly false statements about military service many decades in the past is not relevant to the

17   charged conduct and has nothing to do with the investment offers he was allegedly fraudulently

18   making. Defendant suggests that this is merely evidence of prior acts offered to impeach his

19   character. The government asserts that Mr. Drago used false representations about serving as a

20   sniper in the Vietnam War to instill a sense of trust in his victims and that its witnesses will testify

21   that Mr. Drago's representations about his military service played a role in their decision to

22   "invest" with him. That being the case, the government suggests that the representations were as

23   much a part of Mr. Drago's fraudulent inducement scheme as his promises of profitability.

24           Defendant's false statements about his military history do not constitute offhanded

25   conversation with his potential investors, but were part of a series of false representations Mr.

26   Drago made to induce investment. The fact that the misrepresentations were *about* prior acts that

27   occurred during the Vietnam War does not change the fact that making the misrepresentations

28   years later was *itself* conduct the government can prove to establish elements of the wire and mail

6

1    fraud charges. Accordingly, evidence of those statements is relevant to the wire and mail fraud and

2    conspiracy claims under FRE 401 and 402. While evidence of any false statement made to an

3    investor is prejudicial, the court finds that the probative value of evidence of Mr. Drago's military

4    record, alongside evidence that he misstated that history to investors, outweighs any unfair

5    prejudice against defendant under FRE 403. Moreover, the evidence is not bad act evidence under

6    FRE 404(b) because the details of Mr. Drago's service are not what the government is attempting

7    to prove—it seeks to prove his misrepresentations about those details.  Accordingly, such evidence

8    will not be excluded.

9        The government indicates that the testimony of Ms. Rashetta Smith will only be proffered

10   to show how the Department of Veterans Affairs computes VA benefits. Testimony from Ms.

11   Smith with respect to defendant's military service record is therefore excluded. Her testimony with

12   respect to the VA benefits will be admitted.

13       **ii.      Testimony of Mr. Drago's ex-wives**

14       The government seeks to introduce testimony of Ms. Carla Martin, Mr. Drago's ex-wife.[3]

15   It argues that she can provide evidence that Mr. Drago's representations that he worked extensively

16   in the oil industry and that his grandfather was part of the Shell Oil Company were lies. Defendant

17   argues that the primary purpose of the testimony would be to provide bad act evidence of Mr.

18   Drago's record as a husband and a father, prejudicing Mr. Drago because his behavior as a father

19   and husband has nothing to do with the crimes charged.

20       The court finds the evidence is relevant under FRE 401 and 402. However, Ms. Martin's

21   relevant testimony is weak. She cannot contradict the statements, but can only indicate that she

22   doesn't remember him working in the oil industry or stating anything about his grandfather and

23   the Shell Oil Company. She also has not spoken to defendant in decades. The court finds, under

24   FRE 403, that the probative value of her testimony is substantially outweighed by the danger of

25   unfair prejudice if Ms. Martin testifies to her relationship with Mr. Drago whatsoever. Moreover,

26

27       [3] In its opposition, the government indicates it does not plan to use Mr. Martin's testimony
     in its case-in-chief. However, it argues that the testimony should not be excluded because it may
28   be necessary as rebuttal evidence.

1  the evidence of his actual inexperience in the oil industry is needlessly cumulative. Accordingly,

2  Ms. Martin's testimony will be excluded.

3       **iii.**     **The passport photocopies**

4       Mr. Drago next argues that copies of 150 passport photos should be excluded because they

5  are not relevant. The government indicates it does not intend to use the photos in its case-in-chief

6  but noticed the evidence in case it desires to use it on cross-examination or in rebuttal. The

7  government does not attempt to draw any connection between its case and the photos. That being

8  the case, the court will exclude the evidence from the government's case-in-chief. The government

9  may attempt to offer the evidence on rebuttal or cross-examination as it sees fit, but the defense

10  may of course object to its relevance at that point in time.

11       **iv.**     **Photographic evidence of Mr. Drago's residence and the Sterling Club**

12       Defendant argues that the government plans to introduce photos of his residence at

13  Turnberry Towers and the Sterling Club, a social club located within Turnberry, to show the

14  supposed opulence and excess of the club and condo, thereby improperly alienating him from the

15  average juror. Defendant argues that the jury is capable of understanding testimony from witnesses

16  about meetings at the Sterling Club and Mr. Drago's home without photographic evidence. The

17  government asserts that the pictures of the residence are necessary for establishing the procedural

18  foundation for a government witness' description of that witness' role in the execution of a search

19  warrant and subsequent seizure of key evidence. It argues that photographs from both locations

20  are critical in describing the scheme and allowing the jury to obtain a complete understanding of

21  the evidence and testimony.

22       The court finds that the evidence is relevant under FRE 401 and 402. With respect to the

23  evidence related to the procedural foundation for the search and seizure, the evidence is highly

24  probative. However, the probative value of the photographs with respect to describing the scheme

25  and allowing the jury to form a complete picture is outweighed by both the danger of unfair

26  prejudice to the defendant in the form of jury alienation and the danger of needlessly presenting

27  cumulative evidence. Based on the government's exhaustive witness and exhibit lists, the jury is

28  capable of forming a complete picture of the scheme without photographic evidence of the setting.

1    Accordingly, photographic evidence of Mr. Drago's residence will be admitted *only* to the

2    extent it lays the procedural foundation for the search and seizure at that residence. Defendant may

3    object to any other use of the same. Photographic evidence of the Sterling Club will be excluded.

4       **v.      Various Tax Returns**

5       Mr. Drago objects to the government's plan to introduce over 30 years of his personal tax

6    returns or evidence of their non-existence. In addition, he objects to its plan to introduce evidence

7    that Rainmaker Services, a corporation organized by Mr. Drago, did not file returns from 2004

8    through 2012. Finally, he objects to the inclusion of his wife's 2006 tax return. He argues that none

9    of this evidence is material with respect to his tax evasion charge, which only applies to the year

10   2007.

11      The government argues that the evidence that defendant did not file returns between 1973

12   and 2007 proves a material point in the fraud charges because it indicates that he was lying to his

13   investors about his vast work experience during that period. The argument is: had he been working

14   in the oil industry, he would have paid taxes during those years. It argues further that evidence of

15   a lack of returns for Rainmaker Services is material to the fraud charges because it tends to prove

16   that his backward-looking statements about the success of his Nigerian oil venture were false. A

17   profitable venture would have declared taxable profits. Further, it rebuts any argument Mr. Drago

18   might make that he was running a legitimate business that simply didn't work out. Next, the

19   government suggests that Mr. Drago's wife's 2006 return will provide probative value with respect

20   to the intent element of the tax evasion charge. It argues that if Mr. Drago's wife knew she needed

21   to file a return, then Mr. Drago's failure to file his own must have been willful. Finally, it makes

22   the same argument with respect to his 2012 return, his very first tax return, which he filed quickly

23   after discovering that the IRS was investigating him.

24       *a.      The personal returns*

25      The court does not find the fact that Mr. Drago did not file returns during the period he

26   claimed to be gainfully employed as an oil worker abroad to be relevant to the fraud charges. There

27   are a number of scenarios under which the defendant may have worked, but not filed taxes,

28   particularly when the work was completed abroad. One such scenario is simple: defendant evaded

9

1   his taxes, as he stands accused of doing in this very case. Moreover, any probative value of such

2   evidence is outweighed by the danger of both unfair prejudice and needless presentation of

3   cumulative evidence.

4   Therefore, the government will be limited to offering evidence of a lack of personal returns

5   for Mr. Drago to the year for which he is charged with tax evasion. However, the court finds

6   evidence of the preparation of his own return for 2012 and his wife's return for 2006 tends to make

7   the fact that his failure to file was willful more probable than it would be without them. Its

8   probative value outweighs any danger listed in FRE 403. Accordingly, evidence that Mr. Drago

9   filed a return for 2012 and that his wife filed a return for 2006 will be admitted.

10                   *b.*          *The Rainmaker Services returns*

11   The court finds that evidence that defendant's supposed investment vehicle, a corporation

12   called Rainmaker Services, did not file returns for any of the years in question is both probative of

13   the fact that he misrepresented the venture's success and that he was not running a legitimate

14   business, despite formal organization of the company. Accordingly, such evidence will be

15   admitted.

16   *C.*     *Motion to exclude late-noticed 404(b) evidence*

17   On October 10, 2015, the government noticed defendant that certain lines of evidence that

18   had already been conditionally admitted by this court's order (doc. # 51) may constitute FRE

19   404(b)(2) evidence. Defendant argues that this evidence should be excluded because the evidence

20   is precluded by FRE 404(b)(1). Despite the fact that the motion, which is actually a motion in

21   *limine*, was filed after the motion *in limine* deadline stipulated to by the parties, defendant argues

22   that the court should hear the motion because the notice was late. *See infra note 2.* (*See* doc. # 57).

23   FRE 404(b)(2)(A) and (B) require, however, that only *reasonable* notice be given *before*

24   trial. *See* FRE 404(b). The court finds that the government's disclosure was timely, particularly

25   given that the actual document had already been admitted by this court's August 11, 2015, order.

26   (Doc. # 51). On the other hand, this court's order dated August 24, 2015, set a hard deadline for

27   motions *in limine* of September 27, 2015. The present motion was filed on October 14, 2015. The

28   motion is therefore not timely. Accordingly, defendant's motion *in limine* to exclude late-noticed

1  404(b) evidence will be denied without prejudice to defendant making objections to the same

2  evidence under FRE 404 if it is offered at trial.

3  **III.    Conclusion**

4        Accordingly,

5        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Anton Paul

6  Drago's motion *in limine* to bifurcate trial (doc # 60) be, and the same hereby is, DENIED.

7        IT IS FURTHER ORDERED that defendant Anton Paul Drago's motion *in limine* to

8  preclude the admission of FRE 404(b) testimony (doc. # 62) be, and the same hereby is,

9  GRANTED in part and DENIED in part, consistent with the foregoing.

10       IT IS FURTHER ORDERED that defendant Anton Paul Drago's motion *in limine* to

11  exclude late-noticed FRE 404(b) evidence (doc. # 67) be, and the same hereby is, DENIED.

12       DATED THIS 26th day of October, 2015.

13

14                                          JAMES C. MAHAN
                                            UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

11