UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:13-cr-334-JCM-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ANTON PAUL DRAGO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the court is the United States' emergency motion (doc. # 100) to reconsider denial of their stipulation to continue. (Doc. # 99). Also before the court is defendant Anton Drago's emergency motion (doc. # 101) for joinder to the United States' emergency motion to reconsider.

On December 9, 2015, the parties filed a stipulation to continue. (Doc. # 97). The parties argued that defendant's recently appointed counsel needed additional time to prepare for trial and that the government was struggling to plan accommodations for its nearly twenty witnesses who reside outside the district. (*See id.*). Noting that the stipulation was the parties' tenth request to continue trial dates, the court found that defense counsel had both adequate time to prepare and prior notice of the trial date. (Doc. # 99). Further, the court found that the government's difficulty accommodating witnesses in Las Vegas near the holiday period was also foreseeable. (*Id*). Observing both the age and procedural history of the case, the court found that "the best interest of the public and the defendant in a speedy trial outweigh[ed] any ends of justice that might be served by granting the . . . continuance." (*Id.*). Accordingly, the court denied the stipulation on December 11, 2015. (*Id.*).

The parties now seek reconsideration of the order. (*See* doc. # 100). In response to the court's denial of the stipulation, the government argues that neither party had an opportunity to advise the court with respect to availability for the current trial dates, which the court set in response to an emergency motion based on new defense counsel. (*See* doc. ## 88, 91). It argues

further that because new defense counsel's petition for permission to appear *pro hac vice* was not granted until November 24, 2015, the parties could not confer substantively regarding a stipulation to continue until that time. (Doc. # 100). The government argues further that defense counsel was unable to appreciate the complexity of the case until that time. (*Id.*). It urges that the parties' December 9, 2015, stipulation was thus reasonably timely, despite the fact that both parties knew of the January 4, 2016, trial date as early as October 30, 2015. (*Id.*).[1]

Based on the fact that the emergency nature of defendant's October 29, 2015, motion to continue precluded the parties from advising the court on availability for the January 4, 2016, trial date *and* the parties' representations that the *pro hac vice* petition process precluded them from having meaningful discussions regarding trial dates prior to late November, the court will reconsider its denial of their stipulation to continue. The court notes, however, that this remains the parties' tenth request to continue trial dates in this matter. Having taken both parties' representations regarding future availability under advisement in granting the instant motion and setting new trial and calendar call dates, the court warns the parties that absent exigent circumstances, it will not consider any further motions or stipulations to continue trial dates.

The court finds that the additional time requested in the parties' stipulation (doc. # 97) is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(H) and (7)(A), having considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(i)−(iv).

Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's emergency motion to reconsider denial of stipulation to continue (doc. # 100) be, and the same hereby is, GRANTED.

---

[1] Defendant joins in the government's motion and arguments. (*See* doc. # 101).

1    IT IS FURTHER ORDERED that defendant Anton Drago's emergency motion (doc. # 101) for joinder to the United States' emergency motion to reconsider (doc. # 100) be, and the same hereby is, GRANTED.

    IT IS FURTHER ORDERED that this court's order (doc. # 99) denying the parties' stipulation to continue trial date (doc. # 97) be, and the same hereby is, VACATED.

    IT IS FURTHER ORDERED that the parties' stipulation to continue trial date (doc. # 97) be, and the same hereby is, GRANTED.

    IT IS THEREFORE ORDERED that the calendar call in this case currently set for December 30, 2015, at the hour of 1:30 P.M., and the trial currently scheduled for January 4, 2016, at the hour of 9:00 A.M., be VACATED and continued to March 2, 2016, at the hour of 1:30 P.M., and March 7, 2016, at the hour of 9:00 A.M., respectively.

    DATED December 17, 2015.

_____
UNITED STATES DISTRICT JUDGE