UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:13-cr-334-JCM-CWH |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| ANTON PAUL DRAGO, | ) | |
| Defendant. | ) | |

Presently before the court is defendant Anton Paul Drago's emergency motion to continue trial date. (Doc. # 111). The United States has filed a response in opposition (doc. # 112), and the defendant has filed a reply. (Doc. # 113).

The court recently denied Mr. Drago's motion to withdraw counsel. (*See* doc. # 110). Mr. Drago's counsel argued in that motion that Mr. Drago, despite assurances to the contrary, is unable to pay counsel's fees for representation. (*See* doc. # 106). As a result, counsel has been forced to spend less time preparing for the upcoming jury trial in the matter than he otherwise would have. (*Id.*)

The court denied the motion and authorized payment of CJA funds at the standard CJA rate for the costs and fees associated with counsel's representation of the defendant. (*See* doc. # 110). Counsel now argues that he has been unable to spend "full time" on the case over the past several weeks, once it became clear that defendant was unable to meet his financial commitment. (Doc. # 111). He argues that the "hours" he has spent preparing every day have not been sufficient, or that the defendant does not believe they have been sufficient. (*Id.*) He argues that he will therefore not be prepared to present an adequate defense on the March 7, 2016, trial date.

First, the court notes that counsel concedes he has had over four months to prepare for this case since he accepted representation of Mr. Drago in late October of 2015. He has had access to the government's witness and exhibit lists that entire time. He also concedes that he has been preparing daily for the trial for weeks. Furthermore, he had actual notice of the trial date—and

presumably how much time that date allowed him to prepare before it—when he signed the stipulation to continue trial to its current date, which the parties filed on December 9, 2015. (Doc. # 97).

Finally, as the prosecution argues, defense counsel has failed to indicate what the extra time requested will be used for or how his client will be prejudiced if the trial proceeds on March 7, 2016. It is within a trial court's discretion to deny a motion for continuance in which the defendant has failed to articulate how he would be prejudiced by his counsel's lack of preparation. *See United States v. Rude,* 88 F.3d 1538, 1550 (9th Cir. 1996). This trial has been continued over ten times. In granting the parties' last stipulation to continue trial dates, the court noted that the trial would only be continued further under "exigent circumstances." (Doc. # 102). The court finds that, here, the motion is instead offered for purposes of delay.

The prosecution has arranged for approximately twenty out of state witnesses, some of whom are elderly or traveling internationally, to travel to Las Vegas for trial dates on three prior occasions. (*See* doc. ## 90, 100). Many of the witnesses have already missed work because they had begun traveling for trial dates that were continued. (*See* doc. # 100). In stipulating to the current March 7, 2016, trial date, the parties agreed that this was both adequate preparation time for defendant and adequate time for making appropriate travel arrangement for government witnesses.

Defense counsel has had the adequate time to prepare that his client stipulated to, and the defendant has not convincingly argued how he will be prejudiced by denial of this motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Anton Paul Drago's emergency motion to continue trial date (doc. # 111) be, and the same hereby is, DENIED.

DATED March 1, 2016.

_____
UNITED STATES DISTRICT JUDGE