NICHOLAS A. TRUTANICH
Nevada Bar Number 13644
United States Attorney
SEAN BEATY
Trial Attorney
U.S. Department of Justice, Tax Division
150 M St., NE, Rm. 1.811
Washington, DC 20002
(202) 616-2717

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:13-cr-00334-JCM-CWH |
|---|---|
| Plaintiff, | Government's Application for an Order Deeming the Attorney-Client Privilege Waived and for a Revised Briefing Schedule |
| v. | |
| ANTON PAUL DRAGO, | |
| Defendant. | |

The United States of America, by and through NICHOLAS A. TRUTANICH, United States Attorney, and SEAN BEATY, Trial Attorney, Department of Justice, Tax Division, respectfully requests that this Court enter an order deeming the Defendant Paul Anton Drago's attorney-client privilege in the above-captioned case waived with respect to attorneys Rebecca Levy and Kevin O'Connell, and re-setting the Court's briefing schedule.

This order is sought for the following reasons:

1. Defendant Anton Paul Drago moved the Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody in the above-

1

captioned case. Dkt. No. 211. The Court ordered the government to respond to Drago's motion, and that response is currently due March 18, 2020. Dkt. No. 212.

2.	In his motion, Drago concedes his guilt for the crimes of which he was convicted (*see* Dkt. No. 211, p. 14, ¶¶ 6-7), but asserts that his trial attorney, Kevin O'Connell, provided ineffective assistance of counsel by failing to negotiate a plea offer that would have reduced his overall sentence. Drago also asserts, as he did on direct appeal to the Ninth Circuit, that Mr. O'Connell provided ineffective assistance at trial.

3.	In preparation for the government's response to Drago's motion, counsel for the United States identified correspondence from June 2015 between Drago's then-attorney, Assistant Federal Public Defender Rebecca Levy, and then-counsel for the United States. That correspondence shows that the United States made a pretrial plea offer to Mr. Drago on June 6, 2015, and that the parties negotiated a potential resolution for several weeks.

4.	The parties ultimately did not reach an agreement, and instead continued their respective preparations for trial. Several months after the plea negotiations broke down, Drago hired Mr. O'Connell to represent him at trial, and Ms. Levy withdrew from the case.

5.	Access to information from Drago's former attorneys, Rebecca Levy and Kevin O'Connell, is necessary to respond to the allegations in defendant's § 2255 motion. However, as a general matter, Drago "has a privilege to refuse to disclose and to prevent others from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself ... and  his . . . lawyer . . . ."

*Weinstein's Federal Evidence,* 2d Ed. 503–96. The Ninth Circuit explained that the attorney-client privilege applies, "(1) where legal advice of any kind is sought (2) from a professional legal advisor in [her] capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." *United States v. Landof,* 591 F.2d 36, 38 (9th Cir.1978). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Weil v. Inv./ Indicators, Research & Mgmt., Inc.* 647 F.2d 18, 24 (9th Cir. 1981). The party asserting the privilege also has the burden of establishing the particular communication is, in fact, subject to privilege. "A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted." *United States v. Martin,* 278 F.3d 988, 1000 (9th Cir. 2002); *see also United States v. Ruehle,* 583 F.3d 600, 609 (9th Cir.2009) ("As the party asserting the privilege, Ruehle was obliged by federal law to establish the privileged nature of the communications and, if necessary, to segregate the privileged information from the non-privileged information."). Blanket assertions are "extremely disfavored." *Martin,* 278 F.3d at 1000.

6. Nonetheless, the government requests that this Court issue an order deeming the attorney-client privilege in 2:13-cr-00334-JCM-CWH waived for the purposes of this proceeding as to all contentions raised in Drago's motion, and ordering all materials and information related thereto be divulged to the government.

7. The voluntary disclosure by Drago of privileged communications and his complaints regarding Mr. O'Connell and Ms. Levy constitute waiver of the privilege as to

all other such communications on the same subject. *Weil*, 647 F.2d at 24; *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985), *cert. denied*, 475 U.S. 1109 (1986).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir.), *cert. denied*, 522 U.S. 851 (1997).

WHEREFORE, based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:13-cr-00334-JCM-CWH be deemed waived as to those matters Drago has put at issue in his motion to vacate, set aside or correct sentence. The government respectfully requests that this Court order Ms. Levy and Mr. O'Connell to provide the government with an affidavit or declaration, as well as any relevant materials and information, addressing the allegations and matters raised in Drago's motion, within 45 days after the date of the Court's order; and that the government be granted an additional 45 days, after receiving Ms. Levy's and Mr. O'Connell's affidavits or declarations, to file its response to Drago's § 2255 motion.

Dated: March 5, 2020.

Respectfully submitted,

NICHOLAS A. TRUTANICH
UNITED STATES ATTORNEY

_____
Sean Beaty
Trial Attorney, Tax Division
U.S. Department of Justice
150 M St., NE, Rm. 1.811
Washington, DC 20002
(202) 616-2717
Sean.P.Beaty@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

In addition, I caused to be mailed a copy of this application to the defendant at his last known address:

Anton Paul Drago, No. 48254-048
FCI Terre Haute
Federal Correctional Institution
P.O. BOX 33
Terre Haute, IN  47808

/s/ Sean Beaty
Sean Beaty
Trial Attorney, Tax Division

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-cr-00334-JCM-CWH |
| Plaintiff, | |
| v. | ORDER |
| ANTON PAUL DRAGO, | |
| Defendant. | |

Based upon the pending application of the government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:13-cr-00334-JCM-CWH between the Drago and Rebecca Levy and between the Drago and Kevin O'Connell shall be deemed waived for all purposes relating to Drago's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Ms. Levy and Mr. O'Connell shall each, within 45 days of this order, provide the government with an affidavit or declaration concerning all information known by them related to the contentions raised in Drago's motion. Further, Ms. Levy and Mr. O'Connell may communicate with government counsel and provide supporting documentation regarding all matters put at issue in defendant's motion.

The government shall have an additional 45 days, after receiving Ms. Levy's and Mr. O'Connell's affidavits or declarations, to file its response to Drago's § 2255 motion.

DATED March 6, 2020.

_____
UNITED STATES DISTRICT JUDGE