NICHOLAS A. TRUTANICH
Nevada Bar Number 13644
United States Attorney
SEAN BEATY
Trial Attorney
U.S. Department of Justice, Tax Division
150 M St., NE, Rm. 1.811
Washington, DC 20002
(202) 616-2717

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>ANTON PAUL DRAGO,<br><br>          Defendant. | 2:13-cr-00334-JCM-CWH<br><br>Government's Motion for Clarification of the Court's March 6, 2020 Order Deeming the Attorney-Client Privilege Waived |

The United States of America, by and through NICHOLAS A. TRUTANICH, United States Attorney, and SEAN BEATY, Trial Attorney, Department of Justice, Tax Division, respectfully requests that this Court clarify its March 6, 2020 Order deeming the Defendant Paul Anton Drago's attorney-client privilege in the above-captioned case waived with respect to attorney Rebecca Levy.

This order is sought for the following reasons:

1.  Defendant Anton Paul Drago moved the Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody in the above-captioned case. Dkt. No. 211. The Court ordered the government to respond to Drago's motion, and that response was due March 18, 2020. Dkt. No. 212. However, the Court

1

granted the government's motion to stay the briefing schedule (Dkt. No. 213) on March 6, 2020. Dkt. No. 214.

2. In his motion, Drago conceded his guilt for the crimes of which he was convicted (*see* Dkt. No. 211, p. 14, ¶¶ 6-7), but asserted that his trial attorney provided ineffective assistance of counsel by failing to negotiate a plea offer that would have reduced his overall sentence.

3. In preparation for the government's response to Drago's motion, counsel for the United States identified correspondence from June 2015 between Drago's then-attorney, Assistant Federal Public Defender Rebecca Levy, and counsel for the United States. That correspondence shows that the government made a pretrial plea offer to Mr. Drago on June 6, 2015, and that the parties negotiated a potential resolution for several weeks.

4. The parties ultimately did not reach an agreement, and instead continued their respective preparations for trial. Several months after the plea negotiations broke down, Drago hired attorney Kevin O'Connell to represent him at trial, and Ms. Levy withdrew from the case.

5. Insomuch as Drago now claims in his § 2255 motion that he was, in fact, guilty and would have pleaded guilty if only his attorney had explored the possibility of a plea with him, Drago's discussions with Ms. Levy about the government's June 2015 plea offer are directly relevant to those claims. Specifically, the United States must be permitted to explore with Ms. Levy (i) whether she communicated the government's plea offer to Drago, (ii) whether she explained to Drago the benefits associated with accepting the government's offer or the associated risks of rejecting the plea offer, (iii) whether she

recommended, formally or informally, that Drago accept or reject the government's plea offer, (iv) whether Drago ever admitted his guilt to Ms. Levy or communicated any interest in pleading guilty to one or more of the crimes charged, either by way of a plea agreement or an open plea to the indictment, (v) whether Drago instructed Ms. Levy to reject the government's plea offer, or whether he simply never communicated his decision on the plea offer, (vi) whether Ms. Levy perceived that Drago had implicitly rejected the government's plea offer by failing to communicate his desire to accept the offer, and (vii) whether Ms. Levy's continued efforts to prepare for trial after the plea negotiations ended were, themselves, further indicia that Drago did not intend to plead guilty.

6. On March 5, 2020, the United States moved the Court for an Order deeming Drago's attorney-client communications privilege to be deemed waived with respect to Ms. Levy and Mr. O'Connell concerning all contentions raised in Drago's § 2255 motion. Dkt. No. 213. The Court granted the United States' motion on March 6, 2020, and ordered Ms. Levy and Mr. O'Connell to provide the government with an affidavit or declaration concerning all information known by them related to the contentions raised in Drago's § 2255 motion. Dkt. No. 215.

7. On March 18, 2020, Ms. Levy provided the United States with an affidavit (attached as Exhibit A to this motion) that did not address any of the issues listed in Paragraph 5 above. In subsequent discussions with Ms. Levy, the United States learned that Ms. Levy is concerned that, without a more explicit Order from the Court, she cannot disclose any information about her pretrial interactions with Drago without violating her ethical obligations to maintain confidential communications with her former client.

WHEREFORE, based on the foregoing, the government respectfully requests that the Court clarify its Order that the attorney-client privilege in 2:13-cr-00334-JCM-CWH is deemed waived as to those matters Drago has put at issue in his § 2255 motion, including Ms. Levy's communications with Drago regarding the government's June 2015 plea offer and his decision to accept or reject that offer, as well as Drago's admissions of guilt or expressed interest in pleading guilty to any of the crimes with which he was charged, whether by way of a plea agreement or an open plea to the indictment. The government respectfully requests that this Court order Ms. Levy to provide the government with a new affidavit or declaration addressing these issues, as well as any relevant materials and information, within 45 days.

Dated: March 19, 2020.

Respectfully submitted,

NICHOLAS A. TRUTANICH
UNITED STATES ATTORNEY

_____
Sean Beaty
Trial Attorney, Tax Division
U.S. Department of Justice
150 M St., NE, Rm. 1.811
Washington, DC 20002
(202) 616-2717
Sean.P.Beaty@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

In addition, I caused to be mailed a copy of this document to the defendant at his last known address:

>Anton Paul Drago, No. 48254-048
>FCI Terre Haute
>Federal Correctional Institution
>P.O. BOX 33
>Terre Haute, IN  47808

/s/ Sean Beaty
Sean Beaty
Trial Attorney, Tax Division

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-cr-00334-JCM-CWH |
| Plaintiff, | |
| v. | ORDER |
| ANTON PAUL DRAGO, | |
| Defendant. | |

Based upon the pending motion of the government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:13-cr-00334-JCM-CWH between Drago and Rebecca Levy shall be deemed waived for all purposes relating directly or indirectly to Drago's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody. Ms. Levy shall, within 45 days of this order, provide the government with an affidavit or declaration concerning all information known by her related to the contentions raised, expressly or implicitly, in Drago's motion, including, but not limited to: (i) whether Ms. Levy communicated the government's June 2015 plea offer to Drago, (ii) whether Ms. Levy explained to Drago the benefits associated with accepting the government's offer or the associated risks of rejecting the plea offer, (iii) whether Ms. Levy recommended, formally or informally, that Drago accept or reject the government's plea offer, (iv) whether Drago ever admitted his guilt to Ms. Levy or communicated any interest in pleading guilty to one or more of the crimes charged, either by way of a plea agreement or an open plea to the indictment, (v) whether Drago instructed Ms. Levy to reject the government's plea offer, or whether Drago simply never

communicated his decision on the plea offer, (vi) whether Ms. Levy perceived that Drago had implicitly rejected the government's plea offer by failing to communicate his desire to accept the offer, and (vii) whether Ms. Levy's continued efforts to prepare for trial after the plea negotiations ended were, themselves, further indicia that Drago did not intend to plead guilty.

Consistent with the Court's March 6, 2020 Order, the government shall have an additional 45 days, after receiving Ms. Levy's new affidavit or declaration, to file its response to Drago's § 2255 motion.

DATED March 23, 2020.

_____
UNITED STATES DISTRICT JUDGE

RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
REBECCA A. LEVY
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Rebecca_Levy@fd.org

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ANTON PAUL DRAGO,<br><br>        Defendant. | Case No. 2:13-cr-00334-JCM-CWH<br><br>**AFFIDAVIT IN RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255** |

**AFFIDAVIT OF COUNSEL**

STATE OF NEVADA      )
                     ) SS.
COUNTY OF CLARK      )

REBECCA LEVY, being first duly sworn, deposes and says:

1. I am an Assistant Federal Public Defender for the District of Nevada and represented Mr. Drago from March 10, 2014 through November 24, 2015.

2. I was not trial counsel for Mr. Drago.

3. I reviewed Mr. Drago's Motion pursuant to 28 U.S.C. § 2255. ECF No. 211.

4. I reviewed the government's Application for an Order Deeming the Attorney-Client Privilege Waived and the Court's Order. ECF Nos. 213, 215.

**Exhibit A**

5. The Order states that counsel shall provide the government with information "related to the contentions raised in Drago's motion" as specifically requested by the government in their Application. ECF No. 215.

6. Mr. Drago does not make any contentions against me or the Federal Public Defender's Office in his Motion.

7. My name is mentioned in the Motion once and only as a response to the question regarding who represented Mr. Drago "[a]t the arraignment and plea." *See* ECF 213 at 11.

8. My name is not mentioned in the Affirmation in Support or the Memorandum of Law in Support. *See* ECF 213.

9. Attorney Kevin O'Connell did not contact me to ask for substantive assistance in trial preparation.

10. Attorney Kevin O'Connell did not contact me to inquire regarding plea negotiations.



REBECCA LEVY
Assistant Federal Public Defender

Subscribed and sworn to before me this 18 day of March, 2020.

Notary Public

2