1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

UNITED STATES OF AMERICA,

Case No. 2:13-cr-00334-JCM-CWH-1

8

Plaintiff-Appellee,

9

v.

ORDER

10

ANTON PAUL DRAGO, AKA Evan
Joseph Fogarty,

11

12

Defendant-Appellant.

13

14

Presently before the court is Anton Paul Drago's ("defendant") motion for

15

recusal/disqualification of judge.  (ECF No. 220).

16

Also before the court is defendant's motion for leave to file interlocutory appeal.  (ECF

17

No. 222).  The United States of America ("the government") filed a response (ECF No. 223), to

18

which defendant did not reply.

19

Also before the court is nonparty Louis Early, Jr.'s notice regarding shutdown, filed on

20

defendant's behalf.  (ECF No. 224).

21

Also before the court is attorney Rebecca Levy's unopposed motion to stay order.  (ECF

22

No. 225).

23

**I.     Background**

24

Defendant moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255,

25

alleging ineffective assistance of trial counsel.  (ECF No. 211).  Defendant avers that trial counsel

26

was ineffective by "not knowing the strength of the government's case, resultantly being wholly

27

unprepared for trial, and in not entering into plea negotiations with the government, or otherwise

28

exploring ramifications and advisability of direct pleas of guilty."  *Id.* at 13–14.  Defendant argues

1    that, had his trial counsel been effective, he would have "admitted [his] guilt, foregone trial, and

2    would have received a lower sentence than that which [was] obtained." *Id.* at 14.

3          In light of these arguments, the government filed a motion for an order deeming the

4    attorney-client privilege waived, which the court granted. (ECF Nos. 213; 215). Admittedly, the

5    court did so prematurely and without allowing defendant an opportunity to respond. The

6    government then moved to clarify whether the court's order applied to Ms. Levy, defendant's prior

7    counsel, in light of defendant's arguments in support of his motion. (*See generally* ECF No. 216).

8    The court granted that motion and held that defendant's attorney-client privilege with Ms. Levy

9    was also waived. (ECF No. 217). Admittedly, the court did so prematurely and without allowing

10    defendant an opportunity to respond.

11          Defendant objected to the government's motions and this court's orders. (ECF No. 218).

12    Defendant argues that his § 2255 claim pertains only to his trial counsel's alleged ineffectiveness,

13    not Ms. Levy's. *Id.* Defendant also argues that the court's premature grant of both motions evinces

14    bias that requires recusal and justifies an interlocutory appeal. (ECF Nos. 220; 222).

15    **II.**      **Legal Standard**

16          "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

17    inartly pleaded, must be held to less stringent standards than formal pleadings drafted by

18    lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation

19    omitted). To that end, federal courts will sometimes ignore the legal label that a *pro se* litigant

20    attaches to a motion and recharacterize the motion in order to place it within a different legal

21    category. *See*, *e.g.*, *Raineri v. United States*, 233 F.3d 96, 100 (1st Cir. 2000); *United States v.*

22    *Detrich*, 940 F.2d 37, 38 (2nd Cir. 1991); *United States v. Miller*, 197 F.3d 644, 648 (3rd Cir.

23    1999); *Raines v. United States*, 423 F.2d 526, 528, n. 1 (4th Cir. 1970); *United States v. Santora*,

24    711 F.2d 41, 42 (5th Cir. 1983); *United States v. McDowell*, 305 F.2d 12, 14 (6th Cir. 1962);

25    *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001); *McIntyre v. United States*, 508

26    F.2d 403, n. 1 (8th Cir. 1975) *(per curiam)*; *United States v. Eatinger*, 902 F.2d 1383, 1385 (9th

27    Cir. 1990) *(per curiam)*; *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000); *United*

28    *States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990); *United States v. Tindle*, 522 F.2d 689, 693

1   (D.C. Cir. 1975) *(per curiam)*.

2          The court construes defendant's motion as (1) a motion for reconsideration and (2) a

3   motion for a certificate of appealability.

4          *a.   Reconsideration*

5          Although Federal Rules of Criminal Procedure do not expressly authorize the filing of

6   motions for reconsideration, a "postjudgment motion for reconsideration may be filed in a criminal

7   case and governed by Fed. R. Civ. P. 59(e)." *United States v. Martin*, 226 F.3d 1042, 1047 n.7

8   (9th Cir. 2000); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by

9   the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.").

10          A   motion   for   reconsideration   "should   not   be   granted,   absent   highly   unusual

11   circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880

12   (9th Cir. 2009).  "Reconsideration is appropriate if the district court (1) is presented with newly

13   discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3)

14   if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d

15   1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

16          Rule 59 "permits a district court to reconsider and amend a previous order." *Carroll v.*

17   *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  However "the rule

18   offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of

19   judicial resources."  *Id.*  A motion for reconsideration is also an improper vehicle "to raise

20   arguments or present evidence for the first time when they could reasonably have been raised

21   earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

22          *b.   Certificate of appealability*

23          The controlling statute in determining whether to issue a certificate of appealability is 28

24   U.S.C. § 2253, which provides in pertinent part as follows:

25                  (a) In a habeas corpus proceeding or a proceeding under section
                    2255 before a district judge, the final order shall be subject to
26                  review, on appeal, by the court of appeals for the circuit in which
                    the proceeding is held.
27

28

           . . .

1

2                    (c)

3              (1)  Unless  a  circuit  justice  or  judge  issues  a  certificate  of
               appealability, an appeal may not be taken to the court of appeals
4              from—

5                    (A) the final order in a habeas corpus proceeding in which
                     the detention complained of arises out of process issued by
6                    a State court; or

7                    (B) the final order in a proceeding under section 2255.

8              (2) A certificate of appealability may issue under paragraph (1) only
               if the applicant has made a substantial showing of the denial of a
9              constitutional right.

10             (3) The certificate of appealability under paragraph (1) shall indicate
               which specific issue or issues satisfy the showing required by
11             paragraph (2).

12   28 U.S.C. § 2253.

13          Under § 2253, the court may issue a certificate of appealability only when a movant makes

14   a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a

15   substantial showing, the movant must establish that "reasonable jurists could debate whether (or,

16   for that matter, agree that) the petition should have been resolved in a different manner or that the

17   issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v.*

18   *McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

19   **III.    Discussion**

20          To the extent the motion functions as one for reconsideration, the court grants the motion.

21   The court erred by granting both motions without allowing defendant an opportunity to respond.

22   However, defendant has objected to this court's orders, and the court now considers his arguments.

23          Defendant argues that the attorney-client privilege as to Ms. Levy cannot and should not

24   be waived because his § 2255 motion does not allege that she was ineffective.  (ECF No. 218 at

25   3).  Thus, by defendant's estimation, the government's request amounts to nothing more than "a

26   mere fishing expedition."  *Id.*

27          In support of his argument, defendant cites to *Duran v. United States*, No. 17CR1833-

28   CAB, 2019 WL 1755721 (S.D. Cal. Apr. 19, 2019), and *United States v. Guntipally*, 16-CR-00189-

- 4 -

LHK-2, 2019 U.S. Dist. LEXIS 141432 (N.D. Cal. Aug. 19, 2019).[1]  In both *Duran* and *Guntipally*, the defendant moved to vacate his sentence pursuant to § 2255, alleging ineffective assistance of counsel.  *See generally Duran*, 2019 WL 1755721; *Guntipally*, 2019 U.S. Dist. LEXIS 141432.  In both cases, the court waived the attorney-client privilege.  *Id.*  In neither case did the court indicate that a defendant may preserve the attorney-client privilege as to one attorney by not challenging her effectiveness while simultaneously alleging ineffectiveness of trial counsel, particularly when the conduct of the first attorney may influence the determination of whether trial counsel was, in fact, ineffective.  *Id.*

To prevail on his ineffective assistance of counsel claim, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  In this case, as in *Laftler v. Cooper*, the second prong of *Strickland* means "defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances) . . . ."  *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

In support of its motion to deem the attorney-client privilege waived, the government represented as follows:

> In preparation for the government's response to Drago's motion, counsel for the United States identified correspondence from June 2015 between Drago's then-attorney, Assistant Federal Public Defender Rebecca Levy, and counsel for the United States. That correspondence shows that the government made a pretrial plea offer to Mr. Drago on June 6, 2015, and that the parties negotiated a potential resolution for several weeks.

(ECF No. 216 at 2).  And, in opposition to the instant motion for an interlocutory appeal, the government further represented that:

> Not only did Drago fail to accept the plea offer that was extended to him, but the record before the Court strongly suggests that Drago did not follow AFPD Levy's advice. During a pretrial hearing,

---

[1]  Defendant erroneously cites both of these cases as Ninth Circuit authority. (*See* ECF No. 218 at 3).  The court notes that they are district court cases.

> Drago's attorney described his client's desire to proceed to trial: "Mr. Drago tells me that, you know, the Federal Defender was urging him to enter a plea of guilty, and he doesn't feel he's guilty."

(ECF No. 223 at 5 (citing ECF Nos. 132 at 7; 153 at 88–89)).

Whether the government offered defendant a plea agreement while Ms. Levy was defendant's attorney admittedly does not affect whether trial counsel was ineffective. However, the extent to which Ms. Levy apprised defendant of the strength of the government's case and explored the ramifications and advisability of pleading guilty does impact whether the result of the proceeding would have been different. For instance, Ms. Levy may have told defendant in no uncertain terms that he had virtually no chance of success at trial and, as a result, defendant sought trial counsel who would take his case before a jury. If that is the case, it would certainly be material to the court's analysis regarding whether defendant would have, as he now contends, pleaded guilty if his trial counsel was competent.

"'The privilege which protects attorney-client communications may not be used both as a sword and a shield.'" *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (quoting *United States v. Ortland,* 109 F.3d 539, 543 (9th Cir.1 997)) (alteration omitted). By arguing that his trial counsel was ineffective but asserting attorney-client privilege as to Ms. Levy, defendant would use the privilege as both a sword and a shield. The court will not countenance this tactic. Accordingly, the court finds that defendant has implicitly waived the attorney-client as to Ms. Levy by raising the instant ineffective assistance of counsel claim.

To the extent defendant's motion functions as one for a certificate of appealability, the court denies the motion. the court finds that defendant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. The orders that defendant takes umbrage with are not final, appealable orders. And, in light of the foregoing, reasonable jurists would not find the court's determination regarding the waiver of attorney-client privilege as to Ms. Levy debatable, wrong, or deserving of encouragement to proceed further.

Because the court has address defendant's motion for an interlocutory appeal, Ms. Levy's motion to stay order (ECF No. 225) is denied as moot. In response to COVID-19, Terre Haute

1    FCI, where defendant is currently incarcerated, is in lockdown, which inhibits ability to participate

2    in this case.  (ECF No. 224).  Thus, the court will stay this action until June 30 and instructs the

3    government to file a status report on July 1.  The court will set a new briefing schedule at that time.

4    **IV.    Conclusion**

5             Accordingly,

6             IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

7    recusal (ECF No. 220) be, and the same hereby is, DENIED.

8             IT IS FURTHER ORDERED that defendant's motion for leave to file interlocutory appeal

9    (ECF No. 222) be, and the same hereby is, GRANTED in part and DENIED in part.  The court

10   denies the motion to the extent it seeks a stay and an interlocutory appeal.  The court grants the

11   motion insofar as the court will not issue any further orders or decisions without allowing

12   defendant an opportunity to respond or reply and will not implicitly treat the government's motions

13   as ex parte.

14            IT IS FURTHER ORDERED that Ms. Levy's motion to stay order (ECF No. 225) be, and

15   the same hereby is, DENIED as moot.

16            IT IS FURTHER ORDERED that, in light of the COVID-19 pandemic and the attendant

17   closure of legal resourced at Terre Haute FCI, the instant action is STAYED until June 30, 2020.

18            IT IS FURTHER ORDERED that the government shall file a status report on July 1, 2020.

19   The court will set a new briefing schedule thereafter.

20            DATED May 11, 2020.

21

22                                                         _____

23                                                         UNITED STATES DISTRICT JUDGE

24

25

26

27

28